THOMAS DUCKWORTH *vs.* CHARLES J. HAGUE *et ux.*

February 4, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

SWEENEY, J. This action of the case in assumpsit is before this court on defendants' exceptions. The principal exceptions are to the rulings of a justice of the Superior Court granting plaintiff's motion for a directed verdict and the denial of defendants' motion for a directed verdict.

Plaintiff's right of action is based upon the following facts. Plaintiff loaned his brother Riley Duckworth $6,000 and took a first mortgage upon his real estate situated in the city of Pawtucket to secure the payment of his note for said sum. This mortgage was acknowledged March 23, 1925, and was recorded the next day. October 4, 1927, Riley Duckworth conveyed said mortgaged property to the defendants. The property was conveyed subject to a mortgage for $6,000, which the grantees agreed to assume as part of the consideration for the deed. In March, 1928, defendants paid the interest due on the mortgage note. October 27, 1928, the mortgage was foreclosed for non-payment of interest, under the power of sale contained therein, and the mortgaged premises were sold at public auction for $4,200 to the mortgagee. February 20, 1929,

plaintiff commenced this action to recover the balance of $1,800 due on the mortgage note.

Plaintiff is a resident of Lowell, Mass. It appeared in evidence that he is an aged man and was unable to attend the trial on account of sickness. At the trial Riley Duckworth and the auctioneer were the only witnesses called for the plaintiff. Their testimony proved the above facts. At the close of their testimony each party rested and made a motion for a directed verdict. On the uncontradicted testimony of plaintiff's witnesses, the only correct ruling the trial justice could make was to direct the jury to return a verdict for the plaintiff.

Defendants contend that the plaintiff's case was not proved by competent testimony because Riley Duckworth's testimony was inadmissible to prove agency for his brother in having the mortgage foreclosed on account of the non-payment of interest by defendants. Defendants argue that the testimony of plaintiff was absolutely necessary to establish nonpayment of interest. The contention of the defendants cannot be sustained. Riley Duckworth testified, without objection, that the mortgage was foreclosed because of defendants' nonpayment of interest. Defendants could have contradicted his testimony, if untrue, and thus have created an issue of fact for the jury. As a general rule the burden of proving payment is upon the party alleging it. *Eagle Brewing Co.* v. *Colaluca*, 38 R. I. 224; 48 C. J. 680; 41 C. J. 792. The testimony of Riley Duckworth was competent to establish the fact of his agency for his brother. *Martin* v. *St. Aloysius Church*, 38 R. I. 339; *Paulton et al* v. *Keith*, 23 R. I. 164; 2 C. J. 933; 21 R. C. L. 821.

All of defendants' exceptions have been considered and found to be without merit and are overruled. The case is remitted to the Superior Court for the entry of judgment on the verdict.

*Woolley & Blais*, for plaintiff.

*Thomas L. Carty*, for defendants.